UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

                                  :
MARTY CALDERON                    :
                                  :
                                  :
                                  :
v.                                :   CIV. NO. 3:06CV1130 (AHN)
                                  :
JEFF SYMEON,                      :
WEST MARINE, INC.,                :
BOAT/US, INC.,                    :
ST PAUL TRAVELERS INS. INC.,      :
PHOENIX INS. CO.,                 :
DAVID M. FORD                     :
                                  :

                     RULING ON PENDING MOTIONS

     A telephone conference was held on the record to discuss the pending discovery motions. After discussion, the Court ruled on the record. This ruling memorializes the Court's ruling.

1.  Plaintiff's Motion to Extend Time for Discovery to September 15, 2007 **[Doc. #89]** is **DENIED** on the current record.

    Discovery will be completed by **Monday, April 23, 2007.**

2.  Plaintiff's Motion to Compel **[Doc. #96]** is **GRANTED** in part and **DENIED** in part in accordance with the ruling that follows:

    Plaintiff's Second Set of Production Requests dated December 14, 2006

    Request for Production No. 1 is **GRANTED** to the extent that

defendant West Marine, Inc will provide the work and time

1

schedules of all of the Washington Street store employees for the two months of plaintiff's employment through Labor Day 2006. Defendant will also provide the names of each employee at the Washington Street store, their dates of birth, gender, race, position and rate of pay for the two months of plaintiff's employment through Labor Day 2006.

Request for Production No. 2 is **DENIED** on the representation that defendant did not retain employees' pay stubs and does not maintain copies in defendant's records.

Plaintiff's Third Set of Production Requests dated December 16, 2006

Request for Production No. 1(a) is **DENIED** on the representation that defendant did not retain Ms. Calderon's pay stubs and does not maintain a copy in defendant's records. Plaintiff withdrew her request for a copy of her 2006 W-2, stating that she has received it.

Request for Production No. 1(b) is **DENIED** on the current record.

Request for Production No. 2 is **DENIED** on the representation that defendant did not retain employees' pay stubs and does not maintain copies in defendant's records.

Request for Production No. 3 is **DENIED**. Defendant agrees to provide the names of each employee at the Washington Street store, their dates of birth, gender, race, position and rate of pay for the two months of plaintiff's employment through Labor

2

Day 2006.

### Plaintiff's Fifth Set of Production Requests dated January 3, 2007

Request for Production Nos. 1 and 2 is **GRANTED** in part. Defendant will provide copies of all federal and state lawsuits and EEOC/CHRO complaints made against Jeff Symeon in 2006. The requests are denied in all other respects.

Request for Production No. 3 is **GRANTED** in part and **DENIED** in part on the representation that defendant does not have any sexual harassment training videotapes, and/or DVDs. Defendant will provide a copy of the company's written sexual harassment policy contained in the employee handbook.

Request for Production No. 4 is **GRANTED** in part **and DENIED** in part. Defendant will provide the names, addresses and ages of the minority employees for the Washington Street store during plaintiff's employment through Labor Day 2006.

Request for Production No. 5 is **DENIED** on the present record. Defendant will provide a copy of the employee handbook and orientation materials.

3. Plaintiff's Objection to Defendant's Responses to Plaintiff's Request for Admissions **[Doc. #97]**

Plaintiff's Request for Admission No. 3: Defendant's objection is sustained. Defendant agreed to provide a copy of Stefan Resch's work schedule during plaintiff's employment through Labor Day 2006. Defendant will also state whether Mr.

3

Resch left his employment with defendant after the summer season.

Plaintiff's Request for Admission No. 6: Defendant's objection is sustained. Defendant agreed to provide the hire and termination of employment dates for John Erickson.

Plaintiff's Request for Admission No. 10: Defendant's objection is sustained. Defendant will provide Chris Temple's work schedule during plaintiff's employment through Labor Day 2006.

Plaintiff's Request for Admission No. 11: Defendant's objection is sustained. Defendant will provide William Sperley's work schedule during plaintiff's employment through Labor Day 2006.

Plaintiff's Request for Admission No. 17: Defendant's objection is sustained. Defendant will state whether plaintiff received any sales commissions or other compensation during her employment, other then her hourly wages.

Plaintiff's Request for Admission No. 20: Defendant's objection is sustained. Defendant will provide Chris Temple's work schedule during plaintiff's employment through Labor Day 2006. Defendant agrees to find out whether Mr. Temple is still employed by defendant and, if so, whether he remembers the actual hours he worked on June 23, 2006. Defendant will also ask Mr. Symeon if he recalls the actual hours Mr. Temple worked on June 23, 2006.

Plaintiff's request to have these requests to admit deemed admitted is **DENIED**. Defendant will provide responses by **Friday,**

**March 16, 2007.**

4. West Marine's Motion to Extend Time Within Which to Take Plaintiff's Deposition to March 20, 2007 **[Doc. #99]** is **GRANTED.** Defendants will complete plaintiff's deposition within the discovery period which will close on Monday, April 23, 2007.

5. Plaintiff's Motion for Protective Order Enjoining the Defendants from Deposing the Plaintiff on March 20, 2007, for more than five (5) hours is **DENIED.** After careful consideration, the Court adheres to its ruling dated February 2, 2007. [Doc. #80]. This ruling was affirmed and adopted by Judge Nevas on February 23, 2007. [Doc. #93].

6. Plaintiff's Motion to Certify for Interlocutory Appeal the Court's Ruling on February 23, 2007, denying plaintiff's motion to compel defendants to answer the plaintiff's first set of production and interrogatory responses **[Doc. #101]**

On December 15, 2006, the Court ruled on plaintiff's Motions to Compel. [Doc. #44]. Plaintiff filed an objection with Judge Nevas to the portions of this Magistrate Judge's ruling denying plaintiff's motions to compel. [Doc. #60]. On February 23, 2007, Judge Nevas approved, adopted and ratified the ruling, applying the clearly erroneous standard. [Doc. #92]. Plaintiff now seeks certification for an interlocutory appeal. For the reasons that follow, the motion is **DENIED.**

Title 29 U.S.C. § 1292(b) provides that a district court may certify an interlocutory order for appeal if it believes that (1) the order "involves a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; and (3) "that an immediate appeal of the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The determination of whether § 1292(b) certification is appropriate under these standards lies within the discretion of the district court. See e.g. Ferraro v. Sec'y of U.S. Dep't. of Health and Human Services, 780 F. Supp. 978, 979 (E.D.N.Y. 1992) (collecting cases and citations).

"Interlocutory appeals under Section § 1292(b) are an exception to the general policy against piecemeal appellate review embodied in the final judgment rule, and only 'exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" Suozzo v. Bergreen, No. 00 Civ. 9649, 2003 WL 256784, *1 (S.D.N.Y. Feb. 5, 2003) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978)).

Generally, orders denying or compelling discovery are non-appealable, see In re Weisman, 835 F.2d 23, 25 (2d Cir. 1987), for the reason that decisions relating to discovery issues normally can be reviewed effectively on appeals from final judgments, McCann v. Communications Design Corp., 775 F. Supp. 1506, 1534 (D. Conn. 1991) ("an order granting or denying discovery is ordinarily a nonappealable interlocutory order which

6

is reviewable only upon final judgment or order and in the circumstances presented does not involve such a controlling question of law as to allow immediate appeal under section 1292(b)"). "Interlocutory review of [discovery] determinations undermines the purpose of the finality rule-avoidance of fragmented litigation, which clogs the appellate courts and causes unnecessary delay in the trial courts." Barrick Group, Inc. v. Mosse, 849 F.2d 70, 72 (2d Cir. 1988).

This case does not present the exceptional circumstances necessary for the Court to certify an order for interlocutory review. "Section 1292(b) was not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation, or to be a vehicle to provide early review of difficult rulings in hard cases. Rather certification is warranted only in exceptional cases, where early appellate review might avoid protracted and expensive litigation." Suozzo, 2003 WL 256784, *1 (internal quotation marks and citations omitted).

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. §636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the

district judge upon motion timely made.

ENTERED at Bridgeport this 12th day of March 2007.

/s/
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE